UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ELSON SILENCIEUX | * | CIVIL ACTION NO. 11-0327<br>Section P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JOHN SMITH, BUREAU OF<br>IMMIGRATIONS & CUSTOMS<br>ENFORCEMENT | * | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. §636(b)(1)(B), is a Motion to Dismiss [doc. # 18] filed by respondents in the instant *habeas corpus* proceeding. For reasons explained below, it is recommended that the motion to dismiss be GRANTED, and that the petition be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

**Background**

Elson Silencieux filed the instant, *pro se* Petition for Writ of *Habeas Corpus* Under 28 U.S.C.§ 2241 on February 25, 2011. Doc. # 1. At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country. Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

In light of the facts alleged by petitioner, the court ordered the government to respond to

the petition. Mar. 4, 2011, Order [doc. # 4]. On April 12, 2011, the government so complied. Doc. # 9. Thereafter, the court appointed counsel to represent petitioner, and set the matter for an evidentiary hearing, which is currently scheduled for June 13, 2011. Apr. 29, 2011, Order [doc. # 11]; May 10, 2011, E-M/E [doc. # 13].

On June 2, 2011, however, the government filed the instant motion to dismiss the petition. In support of its motion, the government states that petitioner is no longer subject to a final order of removal because his administrative immigration proceedings have been reopened. Doc. # 18, pp. 1-2. As such, the government argues that petitioner's current detention is authorized under Section 326(c) of the Immigration and Naturalization Act (8 U.S.C. § 1226(c)). On June 9, 2011, counsel for petitioner responded to the government's motion, representing that she "has no evidence contrary to the Government's assertion that Mr. Silencieux's administrative immigration proceedings have been reopened." Doc. # 21, ¶ 2. Therefore, counsel has "no basis for opposing to Government's motion to dismiss." *Id.* The matter is now before the court.

## Law and Analysis

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id.* A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Randall D. Wolcott, M.D., P.A. v. Sebellius*, ___ F.3d ___, 2011 WL 870724 (March 15, 2011) (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Here, respondents contend that petitioner's administrative immigration proceeding was reopened on a motion filed by counsel for petitioner.[1] Respondents quote the order of the Immigration Judge: "Based on the new information raised in the motion to reopen, the Court is *sua sponte* reopening this matter. The matter is set for Master Calendar on May 31, 2011 at 8:30 a.m."[2] As a result of the reopening of his administrative immigration proceedings, petitioner is no longer subject to a final order of removal; therefore, the Supreme Court's reasoning in *Zadvydas v. Davis* is no longer applicable, and this court is divested of subject matter jurisdiction. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(b)(1). Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 18] filed on behalf of respondents be **GRANTED**, and that the Petition for Writ of *Habeas Corpus* be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

---

[1] Respondents refer to "Exhibit 1" in the instant motion as the aforementioned "motion filed by counsel for Petitioner." However, respondents neglected to attach any exhibits to their motion to dismiss.

[2] The May 31st hearing was rescheduled to July 7th.

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 10th day of June 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE